35 F.3d 570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael DEAN, on behalf of self and all other employees of
Yavapai County similarly situated; Ernie Cox, on behalf of
self and all other employees of Yavapai County similarly
situated; Frank Valentine, Plaintiff-Appellants,
v.
COUNTY OF YAVAPAI, a body politic of the State of Arizona,
Defendant-Appellee.
 No. 93-15520.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided Sept. 14, 1994.
 
 1
 Before: NOONAN and T.G. NELSON, Circuit Judges, and EZRA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Deputy Sheriffs of Yavapai County (deputies) filed suit against Yavapai County (County) seeking compensation for on-call time. The district court granted partial summary judgment for the County holding that it was entitled to a good faith defense pursuant to 29 U.S.C. Sec. 259 and that the deputies' state law claims were subject to a one year statute of limitations. After trial, the court dismissed the deputies' state law claims. We affirm.
 
 
 4
 A. State Law Claims: A.R.S. Sec. 23-392 and Breach of Contract
 
 
 5
 A.R.S. Sec. 23-392[1] provides that an employee is entitled to overtime compensation only "if ... overtime compensation is mandated by federal law." Consequently, in interpreting Sec. 23-932, Arizona courts have adopted the Fair Labor Standard Act (FLSA) standard for determining overtime compensation. An Arizona court in Prendergast v. City of Tempe, 691 P.2d 726, 731 (Ariz.App.1984), held that "[t]he proper and overriding test is whether the waiting time in issue is predominantly for the employer's benefit or for the employee's benefit." Similarly, we held in Owens v. Local No. 169, Ass'n of W. Pulp and Paper Workers, 971 F.2d 347, 354 (9th Cir.1992), that the test is "whether [the employee] is so restricted during on-call hours as to be effectively engaged to wait." The two predominant factors in determining whether an employee's on-call time is compensable overtime are: (1) the employees' freedom to engage in personal activities; and (2) the agreements between the parties. Id. at 350.
 
 
 6
 Regarding the deputies' freedom to engage in personal activities, the district court made several findings which the deputies do not challenge on appeal. It found that deputies are on-call mostly during sleep time and that deputies are rarely called on duty during sleep periods or otherwise. They do not have to answer direct calls for assistance; instead they are required to answer calls from central dispatch or a supervisor. Deputies do not need to constantly monitor a radio because they can also be contacted by telephone or a beeper. Nor do deputies need to be ready for immediate response, and although they feel an obligation to respond to a call as soon as possible, they are never subject to discipline for not being home or not responding to a call within a predetermined amount of time. Deputies are required to travel throughout the entire county but are allowed to use a county vehicle. Finally, deputies are permitted to and do freely trade on-call duties. Based on these findings, the district court concluded that the deputies are free to pursue personal activities and that on-call time is not predominantly for the County.
 
 
 7
 We, likewise, conclude that the deputies are free to engage in personal activities based on these unchallenged facts. In Berry v. County of Sonoma, Nos. 92-16772 and 92-16816, slip op. at 8315 (9th Cir. July 26, 1994), we noted that freedom "to engage in personal activities does not require that the employee have substantially the same flexibility or freedom as he would if not on call." We held in Berry that the plaintiffs were able to engage in personal activities because they were able to socialize with friends and family, dine out, shop, read, watch television, enjoy hobbies and hold secondary employment. Id. at 8309 (internal quotation and ellipses omitted). See also Patton v. County of Mohave, 741 P.2d 301, 302, 307 (Ariz.App.1987) (holding on-call time not compensable even though plaintiff was on-call twenty-four hours a day, seven days a week; was required to respond to calls in squad car and uniform, to keep office apprised of his whereabouts at all times, to always be reached by telephone or radio; and could not leave area without permission); Hockersmith v. City of Patagonia, 601 P.2d 322, 325 (Ariz.App.1979) (holding on-call time not compensable because plaintiffs' activities were unfettered including the freedom to sleep, eat and engage in personal activities although they were confined to city limits); compare Prendergast, 691 P.2d at 732 (holding meal time constituted work where plaintiffs were required to "remain in uniform; respond to inquiries and requests for assistance from citizens; wear their service revolvers when appearing in public; carry hand radios or be where there is a listed telephone; seek approval prior to taking meal breaks, inform communications where they may be reached during such breaks, and obtain permission to take such breaks outside their assigned duty areas; and not to carry out private business while on duty").
 
 
 8
 The district court did not consider whether the County's personnel manual and General Order 19 created a contract between the deputies and the County, and if so, whether the contract balanced in favor of concluding the deputies are entitled to compensation for on-call time. However, even assuming the manual and order create an implied contract, we conclude the deputies are not entitled to compensation for on-call time.
 
 
 9
 The manual and order merely recite the language contained in administrative interpretive bulletins and publications concerning FLSA on-call time. Consequently, they offer only vague and indefinite guidelines regarding when compensation for on-call time is required. The manual states merely that: 1) whether on-call time is considered to be hours worked "is based generally on the extent of control the County has over the employee's activities;" 2) "if an employee is required to stay [close to the office], the hours will likely be considered hours worked;" and 3) "a requirement that an employee be able to reach the station in less than a half-hour ... may ... be a restriction." Further, General Order 19 merely states that "if a deputy's normal off duty activities are disrupted, the officer shall be compensated for the hours spent on standby." Based on the ambiguous language of these documents, we hold that even if they were to constitute a contract, it does not sufficiently define the on-call time at issue as work. See Berry, slip op. at 8305 (noting significance and importance of contract is its characterization of on-call time as actual work).
 
 
 10
 Both the predominant factors to be considered weigh in favor of concluding the deputies are not entitled to compensation for on-call time. The deputies are able to engage in personal activities while on-call. Furthermore, assuming the manual and order create a contract, it does not definitively characterize on-call time as work and consequently was not breached by the County's failure to compensate for on-call time. Thus, we hold that the deputies are not entitled to compensation for on-call time.
 
 B. FLSA Claim: Good Faith Defense
 
 11
 The deputies appeal the district court's holding that the County was entitled to a good faith defense pursuant to 29 U.S.C. Sec. 259. However, even assuming the County were not entitled to a good faith defense, the deputies' FLSA claim would have failed anyway based on the district court's findings with respect to the their state law claims. As a general rule, we will not exercise our discretion and consider an issue not passed upon by the district court. Golden Gate Hotel Ass'n v. City and County of San Francisco, 18 F.3d 1482, 1487 (9th Cir.1994). However, we may do so if the proper resolution of the issue is "beyond any doubt." Id. We conclude that, although the district court did not pass on the merits of the deputies' FLSA claim, resolution of the claim is beyond any doubt in light of the district court's findings.
 
 
 12
 Considering the two predominant factors, we have already concluded that the deputies are not entitled to compensation for on-call time. In light of this conclusion, which was based on the district court's undisputed factual findings, we hold that the deputies are not entitled to compensation for on-call time under the FLSA either. See Berry, slip op. at 8318 (holding plaintiffs not entitled to overtime compensation where two predominant factors weighed against awarding compensation).
 
 C. Statute of Limitations[2]
 
 13
 The deputies' state law claim for overtime compensation is based on Sec. 23-392 which provides for overtime compensation if mandated by federal law. Further, the deputies rely on A.R.S. Sec. 23-355 to obtain treble damages in the event the County failed to pay wages to which they are entitled. Thus, the County's alleged liability is created by statute. Consequently, we hold the applicable statute of limitations is one year. A.R.S. Sec. 12-541(3).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties did not provide us with a copy of the complaint on appeal. Initially, in granting partial summary judgment, the district court stated Count II alleged a violation of A.R.S. Sec. 23-355. However, the district court's post-trial order dismisses Count II after analyzing the County's liability pursuant to A.R.S. Sec. 23-392 which governs overtime pay for law enforcement activities. Section 23-355 provides for treble damages if an employer fails to pay wages due to employees and becomes applicable only if the deputies prove they are entitled to compensation for on-call time. Like the district court, our analysis focuses on the substantive requirements of overtime pay for law enforcement officials which is governed by Sec. 23-392
 
 
 [2]
 We address only the deputies' challenge to the statute of limitations on their statutory claim for overtime compensation pursuant to A.R.S. Sec. 23-392. Because we assume the existence of an implied contract created by the manual and order and conclude such a contract does not support the deputies' claim to overtime compensation and was not breached, we do not need to resolve the issue of the proper statute of limitations for that claim